**Satinderpal Singh JASSI; Parmjit Kaur, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Satinderpal Singh Jassi; Parmjit Kaur, Petitioners,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Satinderpal Singh Jassi; Parmjit
Kaur, Petitioners,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

Nos. 03–71516, 03–74675, 05–74302.

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 6, 2006.

Submitted June 6, 2007.

Filed June 7, 2007.

Viney Gupta, Orange, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., David V. Bernal, U.S. Department of Justice Civil Div./Office of Immigration Lit., Benton Peterson, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Division, Kenneth L. Wainstein, Office of the U.S. Attorney for the District of Columbia, Heather R. Phillips, Esq., Washington, DC, for Respondent.

Before: BEEZER, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

Satinderpal Singh Jassi and Parmjit Kaur request review of three decisions by the Board of Immigration Appeals ("BIA"): one denying their applications for asylum and withholding of removal based on an adverse credibility determination (No. 03–71516); one denying their motion to reopen to adjust status (No. 03–74675); and one denying their second motion to reopen (No. 05–74302). Because substantial evidence did not support the adverse credibility determination and because the BIA abused its discretion in denying the first motion to reopen, we grant Nos. 03–71516 and 03–74675, vacate the orders of removal, and remand to the BIA for further proceedings. We dismiss No. 05–74302, Petitioners' request for review of the denial of their second motion to reopen, as moot.

### I.

Jassi and Kaur are natives and citizens of India. In 1995, the Immigration and Naturalization Service ("INS") served an Order to Show Cause ("OSC") charging Kaur with deportability for overstaying her visa. In 1997, the INS served an OSC charging Jassi with deportability for entering the United States without inspection. Jassi and Kaur each conceded deportability as charged and requested asylum and withholding of removal, claiming political and religious persecution because of their Sikh faith. They also sought voluntary departure. The immigration judge ("IJ") denied their consolidated applications for asylum and withholding of removal based on an adverse credibility finding and denied voluntary departure based on his finding that they had provided false testimony. See 8 U.S.C. § 1101(f)(6). The BIA dismissed Jassi and Kaur's timely appeal without opinion, and they timely filed a petition for review, No. 03–71516 ("first petition").

While their appeal from the denial of asylum was still pending before the BIA, Jassi applied for and received labor certification. The INS then approved his immigrant worker petition and set a priority date. With the first petition for review still pending in this court, Jassi and Kaur filed a motion to reopen with the BIA to apply for adjustment of employment status

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

under § 1255(*i*). The BIA *sua sponte* found that Jassi and Kaur were inadmissible under § 1182(a)(6)(C)(i) and then denied the motion to reopen for failure to demonstrate *prima facie* eligibility to adjust status. Jassi and Kaur timely filed a petition for review of this decision, No. 03–74675 ("second petition"). We then consolidated the first and second petitions.

While the consolidated petitions were pending, Jassi and Kaur filed a second motion to reopen with the BIA, asserting that their former attorney provided ineffective assistance in filing the first motion to reopen without attaching § 1182(*i*) waiver applications. In support of the second motion to reopen, Jassi and Kaur filed a "Motion To Admit New Evidence On Appeal And Remand (after Motion to reopen and to seek ADJUSTMENT)" and attached their applications to adjust status, Jassi's approved immigrant worker petition, the approved application for employment certification, and applications for § 1182(*i*) waivers. The BIA denied the second motion to reopen as time- and number-barred, rejecting Jassi and Kaur's argument that ineffective assistance of former counsel warranted equitable tolling. Jassi and Kaur timely filed a third petition for review, No. 05–74302 ("third petition"). We then consolidated all three petitions for review.

### II.

When the BIA adopts and affirms and IJ's decision without opinion, we review the IJ's decision as the final agency action. *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir.2005) (citation omitted). We review the denial of asylum and withholding of removal based on an adverse credibility finding for substantial evidence.

*Malhi v. INS*, 336 F.3d 989, 992 (9th Cir. 2003).[1] Under this standard of review, we look for "specific, cogent reason[s] for any stated disbelief, and any such reasons must be substantial and bear a legitimate nexus to the finding." *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) (internal quotation marks and citation omitted).

■ The IJ based the adverse credibility finding on the following grounds: (1) Jassi claimed to have been a member of the Manjit Singh faction of the All India Sikh Student Federation ("AISSF") but presented a corroborating letter on letterhead of the Sikh Student Federation ("SSF"); (2) Jassi mistakenly referred to the Khalistan Liberation Force ("KLF") as the Khalistan Labor Force during oral testimony; and (3) Jassi and Kaur gave conflicting testimony about the details of one arrest and two police raids on their home.

Both Jassi and Kaur's asylum applications indicated that Jassi joined the AISSF in 1985. According to the U.S. Department of State report "India: Comments on Country Conditions and Asylum Claims," on which the IJ relied, the AISSF split into several factions in the late eighties and early nineties. One such faction was the SSF. Jassi left India in 1992, in the midst of the splintering process. The SSF letter that he presented to corroborate his political opposition, in contrast, is dated 1998, by which point the splintering process was complete, according to the Department of State report. Jassi's testimony as to his membership in the AISSF was therefore consistent both with his asylum application and with the Department of State chronology. Moreover, any discrepancies would not go to the heart of Jassi's claim of persecution. *Cf. Malhi*, 336 F.3d

---

1. Jassi and Kaur do not seek review of the denial of voluntary departure. They waived any objection to the denial of relief under the U.N. Convention Against Torture by failing to argue that issue before the BIA.

at 992–93 (holding that "discrepancies must go to the heart of the asylum claim" to support adverse credibility determination).

■ Nor did Jassi's mistaken reference to the Khalistan Labor Force "bear a legitimate nexus to the [adverse credibility] finding." *Osorio,* 99 F.3d at 931 (internal quotation marks and citation omitted). Jassi testified that he did not belong to the KLF but that members of that organization attended joint meetings with the AISSF at his house; his incorrect reference to the Khalistan Liberation Force as the Khalistan Labor Force did not go to the heart of his asylum claim. In addition, his asylum application correctly referred to the Khalistan Liberation Force. The IJ erred in basing his adverse credibility finding on this discrepancy, particularly when he did not give Jassi an opportunity to explain the inconsistency. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) ("[T]he BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.").

■ Finally, the contradictions between Jassi and Kaur's testimony regarding the details and dates of Jassi's arrests cannot support the adverse credibility finding. "Minor inconsistencies in the record … which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) (citation omitted), *cited in Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). Jassi and Kaur's uncertainty about the date of one arrest and about whether Jassi was still wearing a cast during the second police raid on his home reveal nothing about their fear of persecution on the basis of religion and political opposition.

Because none of the grounds on which the IJ relied supports the adverse credibility finding, we grant the first petition for review.

### III.

An applicant may seek to present new facts or evidence that would entitle her to relief from removal by filing a motion to reopen. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 (9th Cir.2001) (en banc); 8 C.F.R. § 1003.2(c). We review the denial of a motion to reopen for abuse of discretion. *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (citation omitted).

■ The BIA abused its discretion in denying the first motion to reopen because Jassi and Kaur were *prima facie* eligible to adjust status under 8 U.S.C. § 1255(*i* ). *Cf. Delmundo v. INS,* 43 F.3d 436, 439 (9th Cir.1994) (explaining that the BIA may deny a motion to reopen based on the applicant's failure to demonstrate *prima facie* eligibility for the relief sought). Jassi and Kaur had no reason to anticipate a need to apply for waivers of inadmissibility, *see* § 1182(*i* ), when they filed their motion to reopen to adjust status because the IJ's finding that they had given false testimony did not *per se* render them inadmissible under § 1182(a)(6)(C)(i). Moreover, because their petition for review from the denial of asylum was pending in our court when they filed the motion to reopen, the adverse credibility determination was not yet final. The BIA therefore abused its discretion in *sua sponte* finding Jassi and Kaur inadmissible under § 1182(a)(6)(C)(i) and then denying the motion to reopen for failure to show *prima facie* eligibility to adjust status.

Even if Jassi and Kaur were inadmissible under § 1182(a)(6)(C)(i), which we need not and do not decide here, they were eligible for § 1182(*i* ) waivers and were

therefore *prima facie* eligible to adjust status under § 1255(*i*). The BIA also erred, therefore, in denying their motion to reopen without giving them an opportunity perfect their applications to adjust status by submitting § 1182(*i*) waiver applications. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) ("We [do] not require[ ] a conclusive showing that eligibility for relief has been established. . . . [We] reopen[ ] 'proceedings where new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues at a further plenary hearing on reopening.'" (quoting *In re S–V*, 22 I. & N. Dec. 1306, 1308 (BIA 2000))). Accordingly, we also grant the second petition for review.

## IV.

Because we conclude that the BIA abused its discretion in denying Jassi and Kaur's second petition for review, we dismiss the third petition as moot.

## V.

In conclusion, we grant the first petition for review, No. 03–71516, because substantial evidence did not support the IJ's adverse credibility finding. We also grant the second petition for review, No. 03–74675, because Jassi and Kaur were not *prima facie* ineligible to adjust status. Granting the second petition renders the third petition, No. 05–74302, moot. Accordingly, we vacate the orders of removal and remand with instructions for the BIA to reopen Jassi and Kaur's removal proceedings so that they may pursue their applications for asylum and withholding of removal and to adjust status.

**NOS. 03–71516 and 03–74675 GRANTED; NO. 05–74302 DISMISSED.**